IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | No. 2:15-CV-1957-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JESSICA GRAVES, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1    84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2    if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3    which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4    allege with at least some degree of particularity overt acts by specific defendants which support
5    the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6    impossible for the court to conduct the screening required by law when the allegations are vague
7    and conclusory.

8             In this case, plaintiff sues his former defense counsel for alleged deficiencies
9    regarding counsel's handling of his underlying criminal case.  When a state prisoner challenges
10   the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier
11   or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the
12   prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez,
13   411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble
14   v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983
15   action seeking monetary damages or declaratory relief alleges constitutional violations which
16   would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the
17   result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall
18   length of confinement, such a claim is not cognizable under § 1983 unless the conviction or
19   sentence has first been invalidated on appeal, by habeas petition, or through some similar
20   proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim
21   not cognizable because allegations were akin to malicious prosecution action which includes as
22   an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield
23   v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable
24   because allegations of procedural defects were an attempt to challenge substantive result in
25   parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because
26   challenge was to conditions for parole eligibility and not to any particular parole determination);

1  cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in
2  procedures for determining when an inmate is eligible for parole consideration not barred
3  because changed procedures would hasten future parole consideration and not affect any earlier
4  parole determination under the prior procedures).

5          Plaintiff alleges that his criminal defense attorney failed to move for dismissal
6  based on insufficient evidence. He also claims counsel failed to interview witnesses. These
7  allegations of ineffective assistance of counsel, if true, necessarily imply the invalidity of the
8  underling conviction and, as such, are not cognizable under § 1983.

9          Because it does not appear possible that the deficiencies identified herein can be
10 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
11 the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

12         Based on the foregoing, the undersigned recommends that this action be
13 dismissed.

14         These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court. Responses to objections shall be filed within 14 days after service of
18 objections. Failure to file objections within the specified time may waive the right to appeal.
19 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3